# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1508V
UNPUBLISHED

| | |
|---|---|
| ANNETTE THOMPSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 17, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Michael Johnson Dunn Brown*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On November 2, 2020, Annette Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that suffered a shoulder injury related to vaccine administration (SIRVA) resulting from the administration of an influenza (flu) vaccination on September 27, 2019. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, she suffered the residual effects of her injury for more than six months, and no lawsuits have been filed or settlements or awards accepted by anyone, including the petitioner, due to Petitioner's vaccine-related injury. Petition at 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 28, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent determined that "[P]etitioner had no history of pain, inflammation or dysfunction in her left shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms." *Id.* at 5-6 (footnote omitted). Respondent concluded that Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.* at 6. Respondent further agrees that the scope of damages to be awarded is limited to petitioner's SIRVA and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                             **s/Brian H. Corcoran**
                                             Brian H. Corcoran
                                             Chief Special Master